Lisa Michelle **DAVIS**, Petitioner—Appellant,

v.

Gwendolyn **MITCHELL**, Warden; Cal Terhune, Respondents—Appellees.

No. 04–16834.

United States Court of Appeals, Ninth Circuit.

Submitted March 17, 2006.*

Decided March 22, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jonathan D. Soglin, Esq., First District Appellate Project, San Francisco, CA, for Petitioner–Appellant.

Christopher W. Grove, Esq., Pamela K. Critchfield, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

On April 2, 1998, a jury convicted petitioner Lisa Davis of gross vehicular manslaughter while intoxicated. She filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that the state violated her right to due process under the Fourteenth Amendment. Davis contends that the state toxicologist used up all of what she argues was a potentially exculpatory blood sample taken shortly after her accident, preventing her from performing a test that might have demonstrated that she was not under the influence of heroin at the time of the fatal automobile accident.

Davis argues that the Antiterrorism and Effective Death Penalty Act's ("AEDPA") deferential standard of review should not apply, because AEDPA is unconstitutional. This issue was not certified for appeal. We exercise our discretion not to address it.

The state court's denial of Davis's Fourteenth Amendment claim was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d)(1). Davis concedes that the state did not know

that the blood sample had any exculpatory value. To establish a due process violation when the government fails to preserve evidence that is only potentially exculpatory, the petitioner must demonstrate that the government acted in bad faith. *Arizona v. Youngblood,* 488 U.S. 51, 57–58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). The fact that the state's toxicologist used up the entire blood sample is not sufficient in and of itself to show bad faith. *See Leavitt v. Arave,* 383 F.3d 809, 831 (9th Cir.2004).

The toxicologist had no reason to believe that the blood sample could have helped Davis's case. Bad faith is not established when the exculpatory value of unpreserved evidence is entirely speculative. *Cunningham v. Wenatchee,* 345 F.3d 802, 812 (9th Cir.2003). Davis's claim also fails because she presented no evidence to suggest that the toxicologist acted out of animus to her. *See California v. Trombetta,* 467 U.S. 479, 488, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984).

The petition is **DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.